

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-10-2007

# Kristiono v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5188

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Kristiono v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1334.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1334

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5188
_____

HENDRA  KRISTIONO,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES

Respondent
_____

On Petition for Review of an Order
of the Board of Immigration Appeals
(BIA No. A 97-149-880)

Immigration Judge: R. K. Malloy
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 12, 2007

BEFORE: FUENTES, VAN ANTWERPEN, and SILER,[*] Circuit Judges.

(Filed: April 10, 2007)

OPINION OF THE COURT
_____

_____

[*] The Honorable Eugene E. Siler, Jr., Senior Judge for the United States Court of
Appeals for the Sixth Circuit, sitting by designation.

FUENTES, Circuit Judge.

Petitioner entered the United States in March 1999 and overstayed his visa. The Department of Homeland Security issued him a notice to appear in June 2003 and on April 17, 2003, he applied for asylum, withholding of removal, and relief under the United Nations Convention Against Torture. An immigration judge ("IJ") denied relief and the Board of Immigration Appeals ("BIA") affirmed. We have jurisdiction to review the BIA's order under 8 U.S.C. § 1252, and we will deny the petition for the reasons that follow.

## I.

Kristiono is a citizen of Indonesia who testified to the following facts in his application and at his hearing before the IJ. He has suffered humiliation and discrimination his whole life because he is ethnically Chinese and Christian. In May 1998, rioters stopped his car and beat him and a friend because they were ethnically Chinese. Police took Kristiono to the hospital where he stayed for three days, but his friend died of injuries. Kristiono also testified that Muslims have called him an "infidel" and that, on one occasion, Muslims threw rocks at him.

After noting that Kristiono did not seek relief until several years after his arrival in the United States, the IJ denied his application for asylum because no extraordinary circumstances justified the untimely filing. The IJ also determined that the May 1998 beating did not constitute persecution and that Kristiono had not demonstrated that it was

2

more likely than not that he would be persecuted or tortured upon return to Indonesia. The BIA adopted and affirmed the findings of the IJ, and so we review the decision of the IJ. See Sukwanputra v. Gonzales, 434 F.3d 627, 631 (3d Cir. 2006).

## II.

We do not have jurisdiction to review the IJ's finding that no extraordinary or changed circumstances excused Kristiono's failure to apply for asylum before the one-year-deadline. See Sukwanputra, 434 F.3d at 635 ("[D]espite the changes of the REAL ID Act, 8 U.S.C. § 1158(a)(3) continues to divest the court of appeals of jurisdiction to review a decision regarding whether an alien established changed or extraordinary circumstances that would excuse his untimely filing.").

To qualify for withholding of removal, an applicant must demonstrate a "clear probability" of persecution if removed; in other words persecution must be more likely than not. INS v. Stevic, 467 U.S. 407, 413, 430 (1984). We review the IJ's denial of withholding of removal under a substantial evidence standard. "If a reasonable fact finder could make a particular finding on the administrative record, then the finding is supported by substantial evidence." Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003). The IJ's findings "must be upheld unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001).

Substantial evidence supports the IJ's conclusion that Kristiono did not meet the

3

standard for withholding of removal. Kristiono worries that riots similar to those in 1998 will occur again and that he will suffer injury. This concern, however, is insufficient to meet the clear probability standard, especially in light of country reports suggesting that conditions have improved. In addition, his claim that Muslims threw rocks at him once does not indicate that it is more likely than not that he will be persecuted upon removal.

Finally, Kristiono has not argued on appeal that he is entitled to relief under the Convention Against Torture, though we note that substantial evidence supports the IJ's decision with regard to that claim as well.

**III.**

Kristiono has failed to demonstrate that the BIA or IJ erred in rejecting his application for asylum, withholding of removal, and relief under the Convention Against Torture. For the reasons discussed above, we will deny the petition.